REQUESTED BY: J. Richard Biles, Executive Director, Nebraska State Board of Public Accountancy.
Can a CPA Certificate legally be issued to an individual in a name other than the legal name at the time the individual applies and qualifies for the issuance of such a Certificate?
Yes.
The determination of this question involves an examination of the pertinent statutory authority under which the regulation of the Nebraska State Board of Public Accountancy (hereinafter, the Board) are promulgated. Statutes relating to accountants and accountancy are found at section 1-106, et seq., R.R.S. 1943. Section 1-114, which contains reference to the qualifications for the granting of a CPA Certificate, states as follows:
 "The certificate of certified public accountant shall be granted by the board to any person (1) who is a resident of this state or has a place of business therein or, as an employee, is regularly employed therein, (2) who has attained the age of twenty-one years, (3) who is of good moral character, (4) who has graduated from a college or university of recognized standing and (5) who shall have passed a written examination in theory of accounts, in accounting practice, in auditing, and in such other related subjects as the board shall determine to be appropriate."
There is no mention on the face of the statute of any provision mandating the retention of a name on a certificate once such a certificate has been officially issued. This is not necessarily dispositive, however, as section 1-108 vests in the Board the authority to `. . . adopt and amend from time to time, rules and regulations for the orderly conduct of its affairs. . .' This author has been unable to discover any such regulations, however, and it appears that the practice of denying the reissuance of a CPA certificate in another name is a result of custom or practice.
While administrative boards generally operate under authority granted them by the Legislature, a long standing custom or practice may rise to the level of compulsory rules. See Adickes v. E. H. Kress Co., 398 U.S. 144,168 (1970). (Civil Rights Action). Thus, the Board, acting pursuant to a legislative grant of authority has adopted the practice of denying reissuance of CPA certificate in any name other than that possessed by an individual at the time the certificate is issued.
It is the opinion of this office that a classification such as that enforced by the Board of Accountancy is an arbitrary and unreasonable violation of fundamental constitutional principles of due process and equal protection of the laws. There is, however, no statute which is being unconstitutionally applied. Rather, it is the aforementioned practice which is arbitrary and unreasonable. Hence, it is this practice which is void. See 16 C.J.S. ConstitutionalLaw § 489 (1955); Accord, Gregory v. Barr,203 F.2d 364 (1953). (The discriminatory application of a statute which is on its face nondiscriminatory is unlawful.)
The name-change policy of the Board is particularly offensive in that its application discriminates against women who wish to assume their husband's name at marriage. Such is the situation which prompted this query. `[C]lassifications must embrace all who belong in the same category and may not be capricious or arbitrary.' Hansonv. Union Pacific Railroad Co., 160 Neb. 669, 693,71 N.W.2d 526, 544 (1955), rev'd on other grds., 351 U.S. 225,motion den., 351 U.S. 979, reh. den., 352 U.S. 859
(1956). Although the Board apparently maintains the same policy as regards male applicants, the name-change policy primarily affects women. A policy which discriminates against some while favoring others is prohibitive. Id. at 693, 71 N.W.2d at 544. Despite the recent increase in the number of women retaining their `maiden names,' most assume the names of their husband following marriage. Further, because people today are marrying at an older age, it is foreseeable that many women will have attained `certification' prior to their marriage. Certainly, it is arbitrary and unreasonable for the Board to compel such an individual to retain, throughout her professional career, a certificate issued in another name.
Finally, a tangential matter merits attention. Section61-102, R.R.S. 1943, is a statute regulating the procedure for a legal change of name (other than by marriage). It is the opinion of this office that a name change which is acquired in compliance with this statute must be accorded the same administrative treatment as that of a woman assuming the name of her husband at marriage. The rationable contained in this opinion fully applies to such a situation.
Therefore, it is the opinion of the Attorney General of the State of Nebraska that the present name-change policy of the State Board of Public Accountancy violates fundamental principles of due process and equal protection of the laws.